# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GOMEZ-CARDENAS,<br><br>                         Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | CASE NO. 07cv1253 DMS<br>related to case no. 06cr1916<br><br>**ORDER DENYING PETITIONER'S MOTION TO CORRECT ILLEGAL SENTENCING** |

       On December 1, 2006, Petitioner Pedro Gomez-Cardenas, represented by private counsel, pleaded guilty to three counts of unlawfully entering or attempting to enter the United States, in violation of 8 U.S.C. § 1325. Also on that same date, this Court sentenced Petitioner. On July 10, 2007, Petitioner filed a timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.

       Petitioner asserts four grounds for relief. All four assert ineffective assistance of counsel, specifically: (1) conflict of interest; (2) coercion and intimidation by counsel; (3) counsel's failure to raise the issue of protection against double jeopardy; and (4) counsel's failure to request Petitioner's sentences to run concurrently with his state sentence or obtain another discretionary sentencing reduction. After careful consideration of Petitioner's grounds for relief, the Court finds all four lack merit as set forth below.

/ / /

/ / /

# I.

# LEGAL STANDARD

A prisoner may apply for a writ of habeas corpus by moving the court that imposed a sentence upon him to vacate, set aside or correct that sentence. 28 U.S.C. § 2255. A Section 2255 motion alleging ineffective assistance of counsel must show that (1) Petitioner's counsel's performance "fell below an objective standard of reasonableness" guaranteed by the United States Constitution and (2) there is a "reasonable probability" sufficient to "undermine confidence in the outcome" that Petitioner was prejudiced as a result of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

# II.

# DISCUSSION

Petitioner has not met the requirements of *Strickland*. First, Petitioner claims his attorney acted despite a conflict of interest. However, his only explanation of a conflict is that his attorney encouraged Petitioner to plead guilty even thought the Court did not have a complete record of Petitioner's case at the time of sentencing, and the attorney did not do adequate research in preparation for sentencing. (Pet. at 5). These alleged facts do not indicate any conflict of interest. Instead, Petitioner appears to be alleging that his attorney's advice was unreasonable.

Petitioner alleges that as a result of following his attorney's advice to plead guilty, he is now serving "twice the maximum range of punishment." (*Id*. at 3). However, the Sentencing Guidelines recommend a sentencing range of fifty-one to sixty-three months. (Plea Agreement at 7). Petitioner was sentenced to only forty-eight months. (*Id*. at 7). Although Petitioner intimates pleading guilty was an ineffective strategy requiring him to give up "all his Constitutional Rights," (Pet. at 3), as a result of Petitioner's plea, the Court lowered Petitioner's offense level three points for "acceptance of responsibility." (Plea Agreement at 7). Therefore, there is no support for Petitioner's contention that his attorney's advice was objectively unreasonable, or that he was prejudiced by following it.

Second, Petitioner argues he was coerced into pleading guilty because his attorney threatened him with the prospect of a more severe sentence should Petitioner proceed to trial. (Pet. at 3). However, Petitioner's attorney's comments, even if made as alleged, amount to nothing more than a

proper explanation of the risks and benefits associated with deciding to plead guilty. Moreover, at the time of his plea agreement, Petitioner testified under oath that no one had made any threats or promises, other than those contained in the plea agreement, to induce Petitioner to enter into the plea. (R. at 5:11-18.). Thus, there is no support for Petitioner's contention that his attorney made threats that were objectively unreasonable.

Third, Petitioner argues the Government violated the double jeopardy clause by convicting and sentencing Petitioner three times for the same offense, and that counsel acted unreasonably by not raising this issue prior to Petitioner's sentencing. (Pet. at 11). However, the record indicates that Petitioner pled guilty to and was sentenced for three separate entries into the United States. (Plea Agreement at 2). Petitioner's claim that he did not commit Counts 1 and 2 (Reply at 4) is belied by his admission on the record that he did enter the United States illegally on three occasions, which correspond to the dates in Counts 1, 2, and 3. (R. at 7-8). It was therefore not objectively unreasonable for Petitioner's attorney to decline to raise this issue.

Finally, Petitioner argues his counsel unreasonably failed to petition the Court to allow Petitioner to serve his federal sentence concurrently with a prior state sentence. However, the record indicates that the government specifically conceded, and the Court specifically permitted Petitioner to receive concurrent credit for his remaining state custody time on his separate state conviction. (R. at 16: 20-22). Therefore, there is no support for Petitioner's contention that his attorney failed to obtain concurrent sentences.

### III.
### CONCLUSION

Petitioner has not alleged any ineffective assistance of counsel that meets either of the *Strickland* prongs. As such, his motion to vacate or adjust his sentence is DENIED.

**IT IS SO ORDERED.**

DATED: December 7, 2007

_____
HON. DANA M. SABRAW
United States District Judge